CASE 34—PETITION EQUITY—MARCH 8.

# Monarch Co. v. Bank of Hardinsburg, Etc.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. INSOLVENT CORPORATIONS—APPOINTMENT OF RECEIVER FOR—AS-SIGNMENT AFTER APPLICATION FOR RECEIVER.—The usual remedy afforded creditors of corporations having judgments and returns of no property found, is to apply to a chancellor for a receiver; and the chancellor, having obtained jurisdiction in a suit for that purpose, will not surrender it because the debtor after the filing of the suit makes a deed of assignment for the benefit of all creditors.

WALKER & SLACK FOR APPELLANT.

1. An analysis of the petition demonstrates that the present action is under sec. 439 of the Civil Code, simply upon an execution returned "no property found" in order to coerce M. V. Monarch, as garnishee, to pay so much on the debt he is owing appellant as will satisfy the judgment recovered by appellee, the Bank of Hardinsburg, against appellant, and the summons, with the object of the action indorsed therein, served on M. V. Monarch, there being no attachment, created a lien or *lis pendens* only as to any debt owing by him, or any property held by him belonging to appellant.

As the bank had secured the payment of its debt in this way, the appointment of a receiver to take charge of all the assets of appellant, was unauthorized. Civil Code, secs. 439 and 442; 20 Am. & Eng. Ency. of Law, 18 and 33.

2. As the Bank of Hardinsburg only acquired a lien or *lis pendens* on the debt owing by Monarch, and had no lien or *lis pendens* as to any other property or assets of appellant, the only process issued being a summons with the object of the action indorsed thereon, which was served upon said Monarch, there being no description of any other asset or property in the petition, which was essential to the creation of such lien or *lis pendens*, in the absence of an attachment and levy, the assignment by appellant

Monarch Co. v. Bank of Hardinsburg, Etc.

for the benefit of creditors equally was valid, and vested the title in the assignee, except as to the debt owing by Monarch, and the appointment of a receiver to take charge of the assigned property was not authorized. Ward's Admr. v. Robinson, &c., 1 Bush, 295; ? rabue, &c. v. Conners, 84 Ky., 287 and 288; Newport and Cincinnati Bridge Co. v. Douglass, &c., 12 Bush, 710 and 711; Civil Code, secs. 439 and 442.

3. It is error to appoint a receiver where the person in possession of the property is no party to the action. 20 Am. and Eng. Ency. of Law, 29 and 30.

4. To authorize a receivership there must be (1) a lien or *lis pendens*, and (2) the property or fund, touched by such lien or *lis pendens*, must be shown clearly to be in danger of being lost, removed or materially injured. Civil Code, sec. 298; 20 Am. and Eng. Ency. of Law, 33 n. 1 and 22 n.; Bucher v. Bininger, 7 Blatchf. (U. S.) 173.

5. A receiver may be appointed before answer; but the appointment can not be made upon the face of the petition alone, especially in a case where the answer is not due at the time of the appointment. Civil Code, sec. 298; 20 Am. and Eng. Ency. of Law, 27 notes, 16 n. 4.

6. In this State, previous to the Code provision in sec. 439, choses in action were not reachable by a creditors' bill, (Buford v. Buford, 1 Bibb, 305; Curd v. Letcher, 3 J. J. Mar., 443), and it was enacted to authorize a creditors' bill for that purpose, and a proceeding under it is in the nature of an equitable attachment or garnishment, (5 Ency. of Pl. and Pr., 394 notes), and is covered by the legal principles applicable to a creditors' bill of its class, in which plaintiff can only satisfy his judgment, and can obtain no other right or relief. 5 Ency. of Pl. and Pr., 393; Civil Code, sec. 439.

7. A creditors' bill is not maintainable where there are two or more joint debtors, and the legal remedies have not been exhausted against all of them, and the petition must show such exhaustion or an excuse for failing to do so. 5 Ency. of Pl. and Pr., 463 and notes, and 562 and notes; Halbert v. Grant, 4 T. B. Mon., 581 and 582.

As this is an equitable attachment, this view is sustained by Dunn v. McAlpin, 90 Ky., 78.

8. The power to appoint a receiver is of a high and unusual character, and will never be exercised except in cases of pressing apparent

necessity, and never where there is other remedy. 20 Am. and Eng. Ency. of Law, 18 and notes.

FAIRLEIGH & STRAUS ON SAME SIDE.

1. The only asset, or property, of the M. V. Monarch Co. referred to in the petition is an alleged indebtedness of M. V. Monarch to the M. V. Monarch Co., on account of unpaid stock subscription; and therefore as to that alleged indebtedness only was a lien created upon the property of the M. V. Monarch Co., and the power of the court to appoint a receiver was only with respect to that indebtedness, but it in fact appointed a receiver for all the property and assets of that company. Ward's Admr. v. Robinson, 1st Bush, 295; Trabue v. Conners, 84 Ky., 287; Tuck v. Deweese, 15 Ky. Law Rep., 62.

LITTLE & LITTLE OF COUNSEL ON SAME SIDE.

W. S. PRYOR FOR APPELLANTS, IN PETITION FOR REHEARING.

1. There are no such allegations in the petition as constitute a valid *lis pendens*, and the creditors of the M. V. Monarch Co. were by the assignment vested with the equitable title to the entire assets of the corporation save to the extent that appellee had acquired a lien upon the indebtedness of M. V. Monarch; to constitute a valid *lis pendens*, the property must be of such character as to be subject to the rule, the court must have jurisdiction both of the person and the property, and the property must be sufficiently described in the proceedings. Leavell v. Poore, 91 Ky., 324.

GEORGE W. JOLLY, CHAPEZE WATHEN AND REUBEN A. MILLER FOR APPELLEES.

1. It is w ll settled that a creditor of a corporation who has obtained a judgment and a return of "no property found" may go into a court of equity and seek the aid of a chancellor in the collection of his debt and the usual and favorite remedy afforded such creditor is the appointment of a receiver to take charge of the corporate property under the direction of the court, and either to sell the same, or operate the affairs of the corporation until sufficient assets are obtained to satisfy the debts. Morawetz on Private Corporations, vol. 2, sec. 867; Smith on Receivers, page 354; Hervey v. The Ill. R. R. Co., 28 Fed. Rep., 169; Union Trust Co. v. Ill. R. R. Co., 117 U. S., 434; Sage v. Memphis, &c. R. R. Co.,

Monarch Co. v. Bank of Hardinsburg, Etc.

125 U. S.,361; Palmer v. Clarke, 4th, Abb. (M. C.) 25; Minkler v. U. S. Sheep Co., 4 N. D., 507; 2 A. & E. Corporation Cases, U. S., 368; Child v. Brace, 4 Paige, 309; Taylor v. Bowker, 111 U. S., 110; A. & Eng. Enc. of Law, vol. 20, page 273; Covington Draw Bridge Co. v. Shepherd, 21 Howard, U. S., 112; Adleb v. Milwaukee Mfg. Co., 13 Wis., 571; Turnhill v. Prentice Lumber Co., 55 Mich., 387; Bailey v. Pittsburg R. R. Co. (Penn.), 21 Atlantic Rep., 72.

2. The allegation that M. V. Monarch is diverting the assets of the M. V. Monarch Co., with its connivance and consent, into the hands of other corporations in order to make the M. V. Monarch Co. insolvent, is of itself a sufficient ground to warrant the court in appointing a receiver. Clarke on Corporations, page 552; Covington Drawbridge Co. v. Shepherd, 21 Howard, U. S., 112.

3. The court had acquired jurisdiction of the whole subject matter before the appointment was made, and the manifest purpose of the assignment was to defeat the appointment of a receiver and take the matter out of the hands of the court; but such assignment can not defeat the equity which appellee had already acquired. Bowles v. Bowles, 80 Ky., 529; Heidritter v. Oil Cloth Co., 60th U. S., 730; Wallace v. McCormick, 10th U. S.; Ward v. Todd, 103 U. S., 339; Owen v. R. R. Co., 20th Fed. Rep., 10.

4. The appointment of a receiver for a corporation at the instance of a creditor is for the benefit of all creditors, and the party procuring the same can not have him discharged against the protest of a non-satisfied creditor. Lenoir v. Linville Improvement Co., 117 N. C., 471.

5. No proof except the verified pleadings is necessary to authorize a chancellor to appoint a receiver. Woodward v. Woodward, 17 Ky. Law Rep., 464; Goldsmith v. Fecheimer & Co., 16 Ky. Law Rep., 432.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellee bank having obtained a judgment at law against the appellant Monarch Company—a corporation —followed by a return of *nulla bona*, brought this action in equity for the appointment of a receiver to take charge of and collect the assets of the insolvent concern. It set up its judgment and return of execution and averred

that M. V. Monarch was indebted to the company in a large sum, and was fraudulently diverting the assets of the company from their proper channel and placing them among the assets of other alleged corporations to defeat the claim of appellees. and other creditors. That large storage fees due the Monarch Company were being used by other corporations and that there were unpaid subscriptions to the capital stock of the company remaining due from M. V. Monarch; that the company's indebtedness amounting to more than half a million dollars was largely in excess of its assets and that M. V. Monarch as the owner and manager of the Monarch Company, was selling, disposing of and transferring the whiskies and assets on hand, which in fact belonged to him though in the name of various corporations, to some of his creditors and to his own uses and was preferring some of his creditors to others and resorting to various schemes and devices to defeat the creditors, etc.

Other specific averments are made respecting Monarch's attempted disposition of assets under his control.

To defeat the appointment of a receiver as asked for in the petition of appellee, and in the petition of another creditor who joined in the action, the Monarch Company pleaded that after the institution of the action it made a deed of assignment of all its property to J. A. Lyddane for the benefit of creditors generally, and Lyddane had executed bond and undertaken the trust. The court sustained the motion for appointment of a receiver and directed that officer to take charge of the assets of the

company.  It is of this order that the company now complains.

We are of the opinion that the motion was properly sustained.  The averments of the petition are sufficient to give the chancellor jurisdiction over the corporation and its assets.  The usual remedy afforded creditors of corporations having judgments and return of "no property found," is to apply to the chancellor for a receiver, who shall, under direction of the court, take charge of the property and collect by suit or otherwise the assets of the corporation.  (2 Morawetz on Private Corporations section 867; Smith on Receivership, page 354.)

It can not be that the chancellor having obtained juris diction is to surrender it at the instance of the debtor who prefers a different method of settling his affairs, and turn the complaining creditor out of court.  There is no reason why the affairs of the corporation may not be fairly settled by the receiver who represents all the creditors under the directions of the chancellor, and we perceive no reason why the other corporations alleged to be merely different trade names of M. V. Monarch, may not be made parties.  Whether these averments be true or false, there is no reason why a settlement may not be had in this suit of all matters growing out of the business of the M. V. Monarch Company and M. V. Monarch as well as the business of the various trade and corporate names under which M. V. Monarch was trading.

In justice to all creditors, such a settlement is inevitable.  The averments as to these other corporations are

somewhat indefinite and the court properly sustained demurrers to the petition.

The judgment is affirmed.

The court delivered the following response to a petition for rehearing on June 23, 1898:

We do not construe the judgment below appointing a receiver as in any way fixing or affecting the priorities of creditors; and the opinion was intended to leave all such questions open for adjustment by the chancellor when directing and controlling the receiver in his settlement of the insolvent concern.

Petition for rehearing overruled.